# IN THE COURT OF APPEALS OF IOWA

No. 16-0923
Filed July 6, 2017

**CITY OF RIVERSIDE,**
        Plaintiff-Appellant,

**vs.**

**METRO PAVERS, INC. and DELONG CONSTRUCTION, INC.,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Washington County, Annette J. Scieszinski, Judge.

        The City of Riverside appeals the district court's ruling granting summary judgment in favor of Metro Pavers, Inc. and DeLong Construction, Inc. **AFFIRMED.**

        Eric D. Tindal of Nidey Erdahl Tindal & Fisher, Marengo, for appellant.

        Kristen H. Frey and Lanny M. Van Daele of Kennedy, Cruise, Frey & Gelner, L.L.P., Iowa City, for appellee Metro Pavers.

        Michael J. Moreland and Nicholas T. Maxwell of Harrison, Moreland, Webber & Simplot, P.C., Ottumwa, for appellee DeLong.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

The City of Riverside (Riverside) appeals the district court's ruling granting summary judgment in favor of Metro Pavers, Inc. (Metro Pavers) and DeLong Construction, Inc. (DeLong). Riverside contends the matter should be viewed as a discovery dispute and the district court erred in failing to consider the available range of sanctions. On our review of the record, we find the district court did not err in granting summary judgment and therefore affirm.

**I. Background Facts and Proceedings.**

Riverside filed the petition in this matter on February 3, 2015, alleging Metro Pavers breached the parties' contract by improperly constructing a street, Commercial Drive, causing cracking of the surface of the street. Metro Pavers filed a third-party petition against its subcontractor, DeLong. This lawsuit is the second lawsuit filed by Riverside with respect to this dispute. Riverside previously filed a petition against Metro Pavers in 2012 raising the same claims, but the case was dismissed for want of prosecution after Riverside failed to timely disclose an expert witness or the amount of damages sought. Riverside subsequently filed the petition in this case.

In order to meet its burden of proof in this case, Riverside was required to present evidence establishing Metro Pavers' and DeLong's noncompliance with the design specifications called for by the contract. All the parties agree Riverside could not meet its burden of proof and establish damages in this case without expert testimony. The parties' discovery plan required Riverside to designate all expert witnesses by January 18, 2016, prior to the August 16, 2016 trial date. This deadline was intended to allow time for the subsequent

designation of expert witnesses by Metro Pavers and DeLong prior to trial. However, Riverside made no initial disclosures as required by Iowa Rule of Civil Procedure 1.500 and did not designate any expert witnesses by the January 18 deadline.

DeLong filed a motion for summary judgment on March 25, 2016, requesting the district court grant summary judgment because Riverside could not prevail on its cause of action without an expert witness.[1] Riverside filed an untimely resistance to the motion for summary judgment on April 21, 2016, one day prior to the summary-judgment hearing. Riverside attached an expert-witness affidavit to the resistance. The district court granted the motion for summary judgment in a ruling entered April 26, 2016. The court held:

> [Riverside] made no initial disclosures as required by Iowa Rule of Civil Procedure 1.500, and as implemented through the discovery plan, until a filing was made on the eve of hearing.
>
> Moreover, [Riverside] did not designate any expert witness by the January 18, 2016 deadline (factored as 210 days before the August 16, 2016 trial date). In this case, [Riverside] must provide expert testimony to carry its burden to prove causation for the cracked street concrete which is the subject of this suit. Also, [Riverside] is unable to prove the nature and extent of the damages it claims—without an expert witness. In sum, [Riverside]'s non-participation in case preparation leaves it without [the] ability to support its case in chief on the breach-of-contract claims asserted . . . .
>
> [Riverside]'s failure to prosecute this case in any manner before filing a resistance to the motion for summary judgment on the eve of hearing, frames a scenario where the other parties cannot be treated fairly. Trial looms on a[n] August 16th jury assignment. If [Riverside]'s tardy designation of an expert were to be permitted, the trial date would necessarily have to be postponed to accord the party defendants fair opportunity to conduct discovery and declare their own experts. Justice is not served by that delay, particularly in consideration of the past practice of [Riverside] in

---

[1] Metro Pavers filed a joinder in DeLong's motion for summary judgment on April 12, 2016.

failing to prosecute a prior action based upon the same cracked concrete! No legal justification is shown to excuse [Riverside]'s conduct in this case.

. . . .

. . . When considering the pleading record in a light most favorable to . . . Riverside, judgment of dismissal is appropriate. [Riverside] stands unable at this point in time to sustain its burden of proof under the prevailing law of this case, and supporting Iowa law. There is no basis in fact or in law to make an exception to the clear rules which require a plaintiff to prosecute its cause of action in a timely manner.

Riverside now appeals.

## II. Standard of Review.

Our review of the district court's summary judgment ruling is for correction of errors at law. *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007). "Summary judgment is appropriate only when the entire record demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. We review the evidence in the light most favorable to the nonmoving party." *Id.* (citations omitted).

## III. Analysis.

Iowa Rule of Civil Procedure 1.500(1) provides:

[A] party must, without awaiting a discovery request, provide to the other parties:
(1) The name and, if known, the address, telephone numbers, and electronic mail address of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, . . . .

The rules additionally provide:

If a party fails to provide information or identify a witness as required by rule 1.500, 1.503(4), or 1.508(3), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Iowa R. Civ. P. 1.517(3)(a). Rule 1.517(3)(a) allows the court to impose alternative sanctions "[i]n addition to or instead of this sanction . . . after giving an opportunity to be heard."

After giving Riverside an opportunity to be heard at the hearing on the motion for summary judgment, the district court determined Riverside could not present expert testimony because the only expert-witness disclosure by Riverside occurred just one day prior to the hearing and well past the deadline for such disclosure as required by the discovery plan and rule 1.500. The court determined allowing late designation of Riverside's expert witness would require a continuance of the trial date and would not serve justice because the defendants would be prejudiced, and Riverside could not provide a justifiable excuse for the delay. The court acknowledged that without expert testimony Riverside could not establish causation for the cracked concrete or damages. Therefore, because Riverside's inability to provide expert testimony was fatal to its cause of action as a matter of law, the district court granted the motion for summary judgment.

We agree with the court's ruling. The record demonstrates Riverside cannot sustain its cause of action as a matter of law. Without expert testimony, its cause of action necessarily fails. We have previously upheld a similar determination. *See Karnes v. Keffer Overton Assocs. Inc.*, No. 00-0191, 2001 WL 1443512, at *2 (Iowa Ct. App. Nov. 16, 2001) ("We agree with the district court that an expert was necessary in this case and that failure to designate one was appropriate grounds for summary judgment in favor of the defendants.").

Riverside did not take any meaningful steps to prosecute this second cause of action against the defendants. It did not make initial disclosures, did not designate an expert witness within the ample time provided by the discovery plan, and did not request an extension of either deadline. Riverside did not even file its resistance to the motion for summary judgment in a timely manner—and only then did Riverside disclose its expert witness in an attached affidavit.

Riverside did not provide a substantially-justified explanation for its failure to comply with the discovery deadlines and prosecute this matter. At the hearing on the motion for summary judgment, counsel for Riverside explained he believed he had already filed the expert designation. However, counsel for Riverside certainly learned that such designation was not filed by DeLong's motion for summary judgment and still did not attempt to provide any expert designation until one day prior to the summary-judgment hearing. This failure is especially egregious considering Riverside's first cause of action arising from this dispute was dismissed for the exact same reason.

We conclude the district court did not err in refusing to consider Riverside's late-filed expert-witness affidavit and granting summary judgment on the basis Riverside's claim fails as a matter of law without expert testimony.

Additionally, even if this issue is viewed as a discovery dispute as Riverside suggests, the district court did not abuse its discretion. *See Keefe v. Bernard*, 774 N.W.2d 663, 667 (Iowa 2009) (stating our standard of review of a district court's discovery ruling is for abuse of discretion). Riverside asserts the court abused its discretion because it failed to consider alternative sanctions for Riverside's failure to comply with the discovery plan and rule 1.500. However,

the district court's summary-judgment ruling clearly reflects the court considered Riverside's request for a continuance and determined that alternative would be improper in this case. In compliance with rule 1.517(3)(a), the court provided Riverside an opportunity to be heard and determined it would be inappropriate based on these facts to allow Riverside's late expert-witness designation. Where Riverside repeatedly failed to meet necessary discovery deadlines and to take meaningful steps to pursue this case, we cannot find the district court's ruling constituted an abuse of discretion.

We conclude the district court did not err in granting summary judgment in favor of DeLong and Metro Pavers.

**AFFIRMED.**